UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDEDALE DIVISION

CASE NO.: _____

TONY J. JOYNER,

    Plaintiff,

v.

BAKER CONCRETE CONSTRUCTION INC.,

    Defendant,
_____/

## COMPLAINT

The Plaintiff TONY J. JOYNER sues Defendant BAKER CONCRETE CONSTRUCTION INC. and alleges:

### INTRODUCTION

1. This is an action by Plaintiff TONY J. JOYNER, under the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII"); 42 U.S.C. § 1981 and the Florida Civil Rights Act of 1992 (FCRA), Florida Statute Section 760, to redress injury done to him by the Defendant, BAKER CONCRETE CONSTRUCTION INC.'s discriminatory treatment on the basis of race and retaliation

### JURISDICTION AND VENUE

2. This is an action for damages brought in excess of $15,000.00, exclusive of interest, attorney's fees and costs.

3. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331

and §1343. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's state law claims because they arise out of the same nucleus of operative facts as the federal Case, and pursuant to 28 U.S.C. §§1332 and 1367.

4. The venue of this action is properly placed in the Southern District of Florida, Miami Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Miami-Dade County, Florida.

## PARTIES

5. Plaintiff TONY J. JOYNER ("Joyner" or "Plaintiff"), is a resident of Broward County, Florida, who was employed by Defendant BAKER CONCRETE CONSTRUCTION INC. At the time of his employment with Defendant he resided in Broward County, and as a black man is a member of a protected class of persons.

6. Defendant BAKER CONCRETE CONSTRUCTION INC. ("Baker" or "Defendant"), is a for profit corporation authorized to conduct business in the State of Florida, in Broward County, Florida, and within the jurisdiction of this Court.

## PROCEDURAL REQUIREMENTS

**7.** All conditions precedent to this action have been fulfilled. Plaintiff dual-filed two Charges of Discrimination with the EEOC, and also with the Florida Commission on Human Relations within 300 days of the alleged violation. To date, over six (6) months have passed since the filing of the complaints. On or about September 24, 2019, upon request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Dismissal and Notice of Rights with respect to such charge of discrimination. ***See* composite Exhibit "A."**

STATEMENT OF FACTS

8. Plaintiff began working for the Defendant on, or about, November 3, 2017, as a traveling journeyman on the "concrete team" at a completely different job site than his brothers.

9. Throughout his employment with the Defendant, Plaintiff performed his duties in a satisfactory fashion. Plaintiff possessed all the required skills, training and qualifications for the job in question, and for the first portion of his employment performed his duties without significant issue or controversy.

10. While on the concrete team, Plaintiff was treated as a valued member of the team and faced no discipline. However, that changed once he was moved to the Defendant's Coral Gables job site.

11. In July 2018, Plaintiff made a request to be removed from the concrete team and go to a different site, however he did not request a specific location. This request was made to Melissa (ULN) in human resources[1], and she informed him that the Coral Gables site was the only one available.

12. On, or about July 31, 2018, Plaintiff was moved to the Defendant's Coral Gables station project.

13. When Plaintiff began working in Coral Gables, he was placed under the supervision of Bruce Fields.

14. Once Plaintiff began working at the new location, he observed Fields make

---

[1] Mr. Joyner does not recall her title.

repeated racist and racially insensitive comments to, and around him, and he complained.

15.    Fields repeatedly referred to Plaintiff as "boy" and "nigger" and Plaintiff observed Fields call his black co-workers "niggers" in casual conversation.

16.    On, or about, August 30, 2018, Plaintiff asked to speak to Fields before work started and told him that he was not comfortable with being referred to as a boy and Fields using the word nigger around him.

17.    Fields responded, "but the other guys are ok with it." Then he stated that he won't call Plaintiff nigger, but that he wasn't going to stop using the term around him.

18.    Following the conversation, Mr. Fields would mockingly call out to his crew "hey boys", but then would say "no I don't mean Tony."

19.    He would also mention "those niggers" in conversation around Plaintiff, but then say, "not Tony."

20.    Also, on another occasion following the August 30, 2018, conversation, in Plaintiff's presence, another black employee was using an iPad and Fields asked, "did you have to bleach your skin to get that?"

21.    Plaintiff complained to his site manage Mike (ULN), however nothing was done to stop the treatment.

22.    He also spoke to Melissa in Human Resources; and Damien Wilcox and Kevin (ULN), from his previous team, about the hostile work environment and the possibility of returning to that previous team.  Plaintiff was told that they couldn't transfer him, and he should just deal with it or get a new job.

23. Plaintiff was subsequently, forced to perform dangerous tasks without proper training and equipment by Fields.

24. For example, Plaintiff was never trained to climb beams and perform work, and he had never been asked to, however Fields forced him to do so.

25. Plaintiff didn't even have a harness and had the wrong type of boots, but Fields instructed Plaintiff to use someone else's harness.

26. Plaintiff complied but argued that he wasn't supposed to do it.

27. When Plaintiff came down, he complained further about his boots and Fields responded, "oh they don't make niggers the way they used to" and walked away.

28. Plaintiff called Melissa again to complain about Fields' behavior, and again requested a transfer. However, he indicated that he was willing to remain at the Coral Gables location until something else became available.

29. Subsequently Fields approached Plaintiff and stated, "if you transfer, the front office is going to blackball you."

30. Melissa told Plaintiff to leave the site and contact her tomorrow. When he did so, Plaintiff was told that they call him the following week and transfer him, but that call took a long time to come.

31. Plaintiff was blackballed for three months, during that time he called nearly every morning, but was told that there was no job for him. This was unusual, because he was always able to find work before, he reported Fields and requested a transfer.

32. During his layoff, Plaintiff constantly reached out to Melissa about

work, but he also reached out to other people in the company who he knew wanted him, but he never received a phone call.

33. Approximately three months after his layoff, on November 12, 2018, Plaintiff was transferred to the Port of Miami project, only after specifically asking about that project.

34. Once there he began experiencing shortages in his paycheck. He was repeatedly not being paid for the hours that he was working.

35. When he complained and asked that his check be fixed, his supervisors became aggressive towards him he was told that he was not to come back to work.

36. Plaintiff was terminated on February 8, 2019, as just a continuation of the retaliation that he suffered from reporting Fields' harassing and discriminatory behavior.

## COUNT I:
## VIOLATION OF TITLE VII OF CIVIL RIGHT ACT OF 1964: DISCRIMINATION BASED ON RACE

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

38. Plaintiff is a member of a protected class of black citizens.

39. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], which states, "It shall be an unlawful employment practice for an employer to: (1) fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his

compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin."

40. During the course of Plaintiff's employment with the Defendant, Plaintiff was subjected to a discriminatory, hostile and offensive work environment, which was substantially motivated by his race, as more fully described in paragraphs 8-36 of this Complaint.

41. The offensive and discriminatory conduct referred to in paragraphs 8-36 of this Complaint was offensive to Plaintiff and would be offensive to a reasonable person.

42. Plaintiff was terminated on, or about, February 8, 2019.

43. Defendant's decision to discriminate against, and ultimately terminate Plaintiff was because of Plaintiff's race.  Alternatively, Plaintiff's race was a motivating factor in Defendant's decision to discriminate against Plaintiff.

44. The Plaintiff was qualified for the position.

45. The Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended.

46. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

47. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her race in violation of the Act with respect to its decision

to treat Plaintiff different from other employees.

48. Plaintiff's harassment by the Defendant and Plaintiff's termination from her employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of her race. Alternatively, Plaintiff's race was a motivating factor that made Defendant harass and terminate Plaintiff.

49. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendant.

50. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant, is a mere pretext for the actual reasons for the termination from employment, Plaintiff's race.

51. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination on the basis of race constitutes unlawful discrimination.

52. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TONY J. JOYNER respectfully requests that this court order the following:

   a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

   b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

   c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

    d) Award Plaintiff prejudgment interest on her damages award;

    e) Award Plaintiff punitive damages according to proof;

    f) Award Plaintiff reasonable costs and attorney's fees; and

    g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT II:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1992 CHAPTER 760; DISCRIMINATION BASED ON RACE

53. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 and above as if set out in full herein.

54. At all times material hereto, the Defendant failed to comply with the Florida Civil Rights Act of 1992 [Florida Statutes Section 760.10] which states,

*"It is an unlawful employment practice for an employer: To discharge or to fail or refuse to hire any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race*, color, *religion, sex, national origin, age, handicap, or marital status"*

55. Plaintiff is a member of a protected class of black citizens

56. Defendant's decision to discriminate against Plaintiff was because of his race. Alternatively, Plaintiff's race was a motivating factor that caused Defendant to discriminate against Plaintiff.

57. At all relevant times aforementioned, including the time of discrimination, Defendant was aware that Plaintiff was black.

58. At the time of the unlawful discrimination, the Plaintiff did satisfactorily perform the essential functions assigned to him by the Defendant.

59. The Plaintiff was qualified for the position apart from his apparent race.

60. The Plaintiff was discriminated against by his supervisor Bruce Fields because he was black.

61. The Defendant is a sophisticated employer who has actual knowledge of the requirements of the Florida Civil Rights Act, Chapter 760.

62. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

63. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's State protected rights, discriminated against Plaintiff because of her race in violation of the Act with respect to its decision to treat Plaintiff different from other employees.

64. Plaintiff was wrongfully terminated by the Defendant and Plaintiff's termination from employment was directly and proximately caused by the Defendant's unjustified discrimination against Plaintiff because of Plaintiff's race.

65. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental anguish, humiliation, and pain and suffering.

66. Any alleged nondiscriminatory reason for the termination of Plaintiff's employment asserted by Defendant is a mere pretext for the actual reasons for the termination from employment, Plaintiff's race.

67. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights protecting a person from discrimination due to their race. Discrimination on the basis of race constitutes unlawful discrimination in violation of the Florida Civil

Rights Act, Chapter 760.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff TONY J. JOYNER respectfully requests that this court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of the FCRA;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the FCRA for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award Plaintiff punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT III:
## VIOLATION OF TITLE VII OF CIVIL RIGHTS ACT OF 1964: RETALIATION

68. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 and above as if set out in full herein.

69. At all times material hereto, the Defendant failed to comply with the Civil Rights Act of 1964 [42 U.S.C. 2000 e-2 (a)], Section 704(a), which makes it unlawful for an employer to retaliate against an individual "because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing *under this subchapter*." 42 U.S.C. § 2000e-3(a) (emphasis added).

70. Defendant is a sophisticated employer who has actual knowledge of the requirements of Title VII of the Civil Rights Act of 1964, as amended, and specifically of Section 704(a) of the Act, which specifically makes it unlawful to retaliate against employees who oppose or participate in statutorily protected activity.

71. The failure of Defendant to adhere to the mandates of the Act was willful and its violations of the provisions of the Act were willful.

72. Defendant through its practices and policies as an employer, willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, retaliated against Plaintiff because of Plaintiff's complaints.

73. While employed by Defendant, Plaintiff complained of the discriminatory treatment that he was receiving from his supervisor Bruce Fields.

74. Following his complaints, he was forced to work in unsafe conditions, laid-off for three months, not paid properly and ultimately terminated on February 8, 2019.

75. As a direct and proximate result of the Defendant's intentional conduct, Plaintiff suffered serious economic losses as well as mental pain and suffering.

76. Any alleged nonretaliatory reason for terminating Plaintiff asserted by the Defendant is a mere pretext for the actual reasons for termination, Plaintiff's complaints of Fields' discrimination.

77. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights to report sexual harassing behavior.

78. Retaliation on the basis of having engaged in protected activity constitutes unlawful retaliation.

79. As a result of the retaliation, Plaintiff has incurred substantial monetary losses

and has suffered emotional distress, embarrassment and humiliation.

80. Defendant's acts, through their agents, were done with malice and reckless disregard for Plaintiff's federally protected civil rights.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff TONY J. JOYNER respectfully requests that this Court order the following:

a) Enter judgment in Plaintiff's favor and against Defendant for its violations of Title VII;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under Title VII for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on her damages award;

e) Award punitive damages according to proof;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this Court deems equitable and just.

## COUNT IV:
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT OF 1922 CHAPTER 760; RETALIATION

81. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 and above as if set out in full herein.

82. As described in Paragraphs 8-36 above, Plaintiff complained of the discriminatory treatment that he was receiving from his supervisor Bruce Fields.

83. Following his complaints, he was forced to work in unsafe conditions, laid-

off for three months, not paid properly and ultimately terminated on February 8, 2019.

84. The Defendant's above listed actions against Plaintiff were motivated by an intent to retaliate against Plaintiff for his protected activity under the FCRA.

85. As a direct and proximate result of the retaliation against Plaintiff, he has suffered, and continues to suffer, loss of income, loss of enjoyment of life, emotional distress, pain and suffering, embarrassment, humiliation and physical injuries and distress.

**WHEREFORE**, Plaintiff TONY J. JOYNER respectfully requests that this Court order the following:

a) Enter judgment in Plaintiffs favor and against Defendant for damages;

b) Award Plaintiff actual damages suffered, including lost wages, loss of fringe benefits and damages;

c) Award Plaintiff compensatory damages under the for embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered and continues to suffer;

d) Award Plaintiff prejudgment interest on his damages award;

e) Award any other compensation allowed by law, attorney's fees (448.104) and such other and further relief, as this Arbitrator deems equitable and just.

### **COUNT V: VIOLATION OF 42 U.S.C. § 1981**

85. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 of this Complaint as if set out in full herein.

86. Plaintiff is a member of a protected class of black citizens.

87. At all times relevant, Plaintiff was in a contractual relationship with the Defendant within the meaning of 42 U.S.C.A. § 1981, as amended.

88. During the course of Plaintiff's employment with the Defendant, the Defendant has violated Plaintiff's rights by depriving him of his right to the enjoyment of all benefits, privileges, terms and conditions of his employment contract as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981(b), as amended.

89. During the course of Plaintiff's employment with the Defendant, Plaintiff has not enjoyed the same benefits, privileges, terms and conditions of employment, as have non-black employees of the Defendant.

90. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 8-35 of this Complaint, denied Plaintiff the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

91. The Defendant's treatment, practices and policies directed toward Plaintiff, as more fully described in paragraphs 8-35, denied Plaintiff the right to make and enforce contracts as enjoyed by non-black citizens, in violation of 42 U.S.C.A. § 1981, as amended.

92. Through its actions and treatment of Plaintiff, the Defendant intended to discriminate against Plaintiff on the basis of Plaintiff's race.

93. During the course of Plaintiff's employment with the Defendant, Plaintiff has been subjected to a discriminatory, hostile and offensive work environment because of his race, as more fully described in paragraphs 8-35 of this Complaint.

94. The Defendant, at all times, had knowledge of the discriminatory acts and conduct by Plaintiff's supervisor Bruce Fields described in this Complaint.

95. Despite Plaintiff's complaints and the Defendant's first-hand knowledge of the discriminatory acts and/or conduct, the Defendant took no appropriate remedial action.

96. As a direct and proximate result of the foregoing, Plaintiff has suffered embarrassment, humiliation, emotional distress, and other forms of damage.

97. Plaintiff has suffered damages of an on-going and continuous nature.

WHEREFORE, Plaintiff requests that this honorable court:

a) Enter judgment in Plaintiff's favor and against the Defendant for its violations of 42 U.S.C.A. § 1981, as amended;

b) Award Plaintiff actual damages suffered;

c) Award Plaintiff compensatory damages under 42 U.S.C.A. § 1981 for the embarrassment, anxiety, humiliation and emotional distress Plaintiff has suffered;

d) Award Plaintiff prejudgment interest on his damages award;

e) Enjoin the Defendant, its officers, agents, employees and anyone acting in concert with them, from discriminating, harassing and retaliating against Plaintiff and any employee;

f) Award Plaintiff reasonable costs and attorney's fees; and

g) Grant Plaintiff such other and further relief as this court deems equitable and just.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues so triable.

Dated: December 20, 2019.

>Respectfully submitted,
>
>By: _s/ Brandon J. Gibson_____
>Brandon J. Gibson, Esq.
>Fla. Bar No.: 99411
>bgibson@bjglawfirm.com
>The Law Office of Brandon J. Gibson, PLLC

                                                                           3800 Inverrary Blvd., Ste. 401-T  
                                                                           Lauderhill, Florida 33319  
                                                                           Telephone: (754) 229-1151  
                                                                           Facsimile: (844) 761-1555